United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-16446-amc
Howard D Popky                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: May 08, 2019
                            Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 10, 2019.
db             #+Howard D Popky,    411 Millhouse Pond,    Wayne, PA 19087-5518

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 8, 2019 at the address(es) listed below:
      DIANE E. VUOCOLO    on behalf of Creditor    Montgomery Professional Building Owners Association vuocolod@gtlaw.com
      KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
      MICHAEL D. VAGNONI    on behalf of Creditor    Montgomery County Tax Claim Bureau michael.vagnoni@obermayer.com,
      Lucille.acello@obermayer.com;Alicia.sandoval@obermayer.com;vanja.moraca@obermayer.com;angela.baglanzis@obermayer.com;helen.belair@obermayer.com
      PATRICIA M. MAYER    on behalf of Creditor    The Ponds Homeowners Association patriciamayerpc@gmail.com, nydia.ramirez@comcast.net;mayerpr86037@notify.bestcase.com
      REBECCA K. MCDOWELL    on behalf of Creditor    The Bryn Mawr Trust Company rmcdowell@slgcollect.com, pwirth@slgcollect.com
      STEPHEN MATTHEW DUNNE    on behalf of Debtor Howard D Popky bestcasestephen@gmail.com, dunnesr74587@notify.bestcase.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                                               TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | Howard D. Popky | : | Chapter 13 |
| | | : | |
| | Debtor. | : | Bky. No. 18-16446-AMC |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED**, that debtor is granted permission to sell his real property located at 411 Millhouse Pond Drive, Chesterbrook, PA 19087 ("Property"), free and clear of all liens, for the sale price of $290,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of February 28, 2019, to the buyer thereunder, Tom Patterson ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters    $870.00

2. Liens paid at closing    $189,298.65

3. Real estate taxes, sewer, trash and/or other such items    $8,554.37

4. Ponds Home Owner Assocation    $3,962.00

5. Real estate commission, at no greater than 6%    $17,400.00

6. Attorney's fees, if any    $0.00

7.  Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement     $0.00

TOTAL     **$220,085.02**

After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 standing trustee, the balance of the sales proceeds, approximately **$69,914.98**, to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with debtor's modified plan, to the debtor up the amount of his exemption ($23,675.00) and then to the filed and allowed claims.

The title clerk shall fax a completed Closing Disclosure or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

**BY THE COURT**

_____
**Honorable Ashely M. Chan
BANKRUPTCY JUDGE**