IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| HOWARD D. POPKY | : | |
| | : | CASE NO:   18-16446-AMC |

### RESPONSE TO TRUSTEE OBJECTION TO CONFIRMATION

Debtor, Howard Popky is an 84 year-old retired Dentist that has liquidated his property to repay his creditors. See D.I. # 57 (Order approving sale of 411 Millhouse Pond Drive, Chesterbrook, PA 19087).

Debtor's voluntary liquidation of his real estate resulted in the majority of his debt being repaid from the proceeds of the sale except for some taxes owed to the IRS and one unsecured creditor, JP Morgan Chase Bank.

Debtor has paid the Chapter 13 Trustee $74,101.62 to date with a current balance on hand equalling $68,469.90 as $5,631.72 has been paid to the Trustee.

Debtor's 4th Amended Plan is proposed in good faith and requires monthly payments to the Trustee of $52.11 for the remainder of the Plan.

Trustee's Objection to Confirmation is unreasonable - especially given the the liquidation of the debtor's primary residence and current age of debtor.

                                            Respectfully submitted:

                                            DUNNE LAW OFFICES. P.C.

Dated: November 18, 2019                By: /s/ *Stephen M. Dunne*
                                                          STEPHEN M. DUNNE. ESQUIRE
                                                           Attorney for Debtor
                                                          1515 Market Street, Suite 1200
                                                          Philadelphia, PA 19102
                                                          (215) 551-7109  Phone

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | Howard D. Popky | : | Chapter 13 |
| | | : | |
| | Debtor. | : | Bky. No. 18-16446-AMC |

## ORDER

**AND NOW,** this _____ day of _May_, 2019, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his real property located at 411 Millhouse Pond Drive, Chesterbrook, PA 19087 ("Property"), free and clear of all liens, for the sale price of $290,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of February 28, 2019, to the buyer thereunder, Tom Patterson ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters    $870.00

2. Liens paid at closing    $189,298.65

3. Real estate taxes, sewer, trash and/or other such items    $8,554.37

4. Ponds Home Owner Assocation    $3,962.00

5. Real estate commission, at no greater than 6%    $17,400.00

6. Attorney's fees, if any    $0.00

7. Any small (less than $300) allowances agreed to be made
to Buyer to settle any unforeseen dispute arising at settlement          $0.00

TOTAL                                                                    **$220,085.02**

After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 standing trustee, the balance of the sales proceeds, approximately **$69,914.98**, to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with debtor's modified plan, to the debtor up the amount of his exemption ($23,675.00) and then to the filed and allowed claims.

The title clerk shall fax a completed Closing Disclosure or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

BY THE COURT

_____
Honorable Ashely M. Chan
**BANKRUPTCY JUDGE**